Versión para imprimir



EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen A. Negrón Matos y otros<br><br>    Peticionarios<br><br><br>        v.<br><br><br>Estado Libre Asociado de Puerto Rico; Junta de Reestructuración y Estabilización Fiscal; y Administración de Instituciones Juveniles<br><br><br>    Recurridos | Certificación<br><br>2010 TSPR 86<br><br>179 DPR ____ |

Número del Caso: CT-2009-8


Fecha: 9 de junio de 2010


Abogado  de la parte peticionaria:

            Lcdo. William Díaz Natal

Abogados de la Parte Recurrida:

            Lcdo. Eliezer Aldarondo Ortiz

            Lcda. Rosa Campos Silva

            Lcdo. Simone Cataldi Malpica

            Lcdo. Eliezer A. Aldarondo López


Materia: Certificación


Este documento constituye un documento oficial del    Tribunal Supremo que está sujeto a los cambios y correcciones del pr   oceso de compilación y publicación oficial de las decisiones    del Tribunal. Su distribución electrónica se hace como un servicio p    úblico a la comunidad. ?

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Carmen A. Negrón Matos; Ivette Vega Ramírez; Alvin Valentín Serrano; Eileen Alméstica Sastre; Luis A. Méndez Morales; Ana Camacho Villegas; Olga L. Arce Méndez; Brenda L. Santos Ramírez; Mariluz Cruz Zayas; Omayra Garay García; Cristian Malavé Arson; Lizbeth Berríos Pérez; Yanilda Verdejo Rodríguez; Kamalis Torres Alamos; José Díaz Ramos; Marilyn Gómez Rivera; Héctor M. Degracia Piñeiro; Tiffany Díaz; Carlos Rubén Figueroa Martínez; Christian Varela Valentín; Luisa M. Torres Ramírez; María Román Rosa; Tania S. Ruiz Quiñonez; Angela B. Santana Díaz; Carmen Rivera Irizarry; Aymé De la C. Burgos Sosa; Carmen M. Pabón Rivera

    Peticionarios

        v.

Estado Libre Asociado de Puerto Rico; Junta de Reestructuración y Estabilización Fiscal; y Administración de Instituciones Juveniles

    Recurridos

CT-2009-08

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 9 de junio 2010

    Este caso presenta controversias importantes relacionadas al plan de reducción de gastos que el gobierno del Estado Libre Asociado de Puerto Rico ha implantado a través de la Ley Núm. 7 de 9 de marzo de 2009, "Ley

Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico", mejor conocida como la "Ley 7", que no fueron atendidas en nuestro reciente dictamen en *Domínguez Castro v. Fortuño*, res. el 2 de febrero de 2010, 2010 T.S.P.R. 11, 177 DPR __ (2010). Debemos determinar en esta ocasión si por motivo de la enmienda sometida a la Ley 7 por la Ley Núm. 37 de 10 de julio de 2009 ("Ley 37"), los peticionarios, empleados todos de la Administración de Instituciones Juveniles, están exentos del plan de cesantías dispuesto en la Ley 7. Luego de evaluar los argumentos de las partes, el estatuto y su historial legislativo, concluimos que, en este caso, los peticionarios no están excluidos del referido plan.[1]

I.

A raíz de la implementación del plan de cesantías adoptado en la Ley 7, *supra*, veintisiete (27) empleados de la Administración de Instituciones Juveniles ("AIJ") recibieron notificaciones de cesantías el 25 de septiembre de 2009. Dichas cesantías serían efectivas a partir del 6 de noviembre del mismo año.

---

[1] En el día de hoy este Tribunal también concluye que un grupo de empleados del Instituto de Ciencias Forenses sí está expresamente excluido del plan de cesantías por realizar labores técnicas y de peritaje en dicha agencia. Art. 37.02(i), Ley Núm. 7 de 9 de marzo de 2009, según enmendada. Asimismo determinamos que la jurisdicción primaria exclusiva que otorga la Ley Núm. 7, *supra*, a la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público, se limita a controversias relativas a la antigüedad de los empleados públicos. *Véase*, *Migdalia Báez Rodríguez et al. v. Hon. Luis Fortuño et al.*, res. el 9 de junio de 2010.

El 2 de noviembre de 2009, ante la inminencia de sus cesantías, este grupo de empleados de la AIJ instó una demanda en la cual solicitaban un interdicto preliminar y permanente, y una sentencia declaratoria contra el Estado Libre Asociado de Puerto Rico y otros. Allí reclamaron que se dejaran sin efecto las cesantías notificadas pues la Ley 37 los había excluido del plan de cesantías de la Ley 7. A base de lo anterior arguyeron ante el foro primario que sus cesantías eran contrarias a la propia Ley 7. Sostuvieron, además, que la Ley 7 era inconstitucional pues: producía una indebida delegación de poderes al Gobernador y a la Junta de Reestructuración y Estabilización Fiscal ("JREF"); violentaba su debido proceso de ley y menoscababa sus obligaciones contractuales. Presentada la demanda, el Tribunal de Primera Instancia ordenó a los demandantes a que especificaran los puestos que ocupaban cada uno de ellos en la agencia concernida.

El 4 de noviembre de 2009 la parte demandante presentó una Moción en Cumplimiento de Orden e Informativa en la cual comunicó al tribunal los puestos que ocupaban cada uno de los cesanteados en la AIJ.[2] Los demandantes informaron

---

[2] Los puestos que ocupaban los demandantes, según éstos lo informaron al tribunal, eran:
1. María Esther Román Rosa: Técnica de Sistemas de Oficina III adscrita a la Oficina de Asesoramiento y Servicios Legales.
2. Lizbeth Berríos Pérez: Operadora de Cuadro Telefónico adscrita a la División de Servicios Generales.
3. Kamalis Torres Álamos: Auxiliar de Sistemas de Oficina II adscrita a la División de Salud.
4. Omayra Garay García: Especialista en Compras adscrita a la Oficina de Servicios Generales.

al foro primario que ese mismo día también presentaron ante

el Tribunal Supremo una Solicitud de Certificación al

_____

5. Yanilda R. Verdejo Rodríguez; Ana Camacho Villegas y Eileen Aléstica Sastre: Evaluadoras adscritas a la División de Evaluación y Monitoría.
6. Marilyn Gómez Rivera: Auxiliar de Oficina III adscrita al Centro de Tratamiento Social de Guayama.
7. Héctor M. Degracia Piñeiro: Coordinador en Seguridad adscrito a la Oficina del Subadministrador de Instituciones Juveniles.
8. Tiffany Díaz: Operadora de Cuadro Telefónico adscrita a la División de Servicios Generales.
9. Alvin O. Valentín Serrano: Oficial Ejecutivo II adscrito a la Oficina de Evaluación y Monitoría.
10. Carmen A. Negrón Matos: Auxiliar de Contabilidad II adscrita a la Oficina de Presupuesto y Finanzas.
11. Carmen Pabón Rivera: Auxiliar de Sistemas de Oficina I adscrita a la División de Salud.
12. Olga L. Arce Menéndez: Administradora de Sistemas de Oficina II adscrita a la Oficina de Asesoramiento y Servicios Legales.
13. Ivette M. Vega Ramírez: Auxiliar Administrativo I adscrita a la Oficina de Recursos Humanos.
14. Brenda Liz Santos Ramírez: Auxiliar de Sistemas de Oficina III adscrita al Centro de Tratamiento Social de Guayama, Oficina del Jefe de Instituciones.
15. Mariluz Cruz Zayas: Administradora de Sistemas de Oficina II adscrita a la Oficina de Relaciones Laborales.
16. Carlos Rubén Figueroa Martínez: Coordinador de Servicios Voluntarios y de Capellanía.
17. Christian Varela Valentín: Abogado adscrito a la Oficina de Asesoramiento y Servicios Legales.
18. Tania Ruiz Quiñones: Abogada adscrita a la Oficina de Asesoramiento y Servicios Legales.
19. Luisa Torres Ramírez: Abogada adscrita a la Oficina de Asesoramiento y Servicios Legales.
20. Ayme Burgos Sosa: Oficial Ejecutivo II adscrita a la Oficina de Asesoramiento y Servicios Legales.
21. Ángela Santana Díaz: Técnico de Asesoramiento Jurídico adscrita a la Oficina de Asesoramiento y Servicios Legales.
22. Carmen Rivera Irizarry: Técnico de Sistemas de Oficina II adscrita a la Oficina de Asesoramiento y Servicios Legales.
23. José Díaz Ramos: Chofer Mensajero adscrito a la Oficina de Transportación.
24. Luis Méndez Morales: Jefe Institucional adscrito al Centro de Tratamiento Social.
25. Cristian Malavé Arson: Trabajador I adscrito a la Oficina de Servicios Generales.
26.

amparo del artículo 69[3] de la Ley 7, y el artículo 3.002(e) de la Ley de la Judicatura. Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24s(e). El 5 de noviembre de 2009, expedimos el recurso de certificación y le concedimos un corto término a las partes para presentar sus respectivos alegatos. En esa misma fecha, el tribunal de instancia dictó sentencia parcial contra los demandantes desestimando la acción de interdicto al concluir que el remedio solicitado era improcedente en este caso.

Ambas partes han comparecido con sendos escritos. Por un lado, los peticionarios arguyen que no pueden ser cesanteados al amparo de la Ley 7, porque la AIJ, como agencia, quedó excluida del plan de cesantías en virtud del artículo 37.02 de la referida ley por lo que todos sus empleados están exentos del plan de cesantías dispuesto en la Ley 7. Art. 37.02, Ley Núm. 7, *supra*, según enmendada. Al igual que lo hicieron en su demanda ante el Tribunal de Primera Instancia, los demandantes también impugnan la validez constitucional de la Ley 7, aduciendo que viola las cláusulas de debido proceso de ley y menoscabo de obligaciones contractuales de la Constitución del Estado

---

[3] El artículo 69 de la Ley Núm. 7 de 9 de marzo de 2009, dispone:

> El Tribunal Supremo del Estado Libre Asociado de Puerto Rico expedirá un auto de certificación a solicitud de parte para traer inmediatamente ante sí y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia o ante el Tribunal de Apelaciones cuando se plantee la validez o constitucionalidad de esta Ley especial o cualquier impugnación a la misma de cualquier naturaleza.

Libre Asociado de Puerto Rico y la de Estados Unidos, así como la doctrina de separación de poderes. De otra parte, el Estado sostiene que el artículo invocado por los demandantes peticionarios sólo excluye a ciertos empleados a base de sus clasificaciones, y no a agencias por completo. También alega que los demandantes no están dentro de la clase de empleados que el legislador tuvo a bien excluir del plan de cesantías.

Con el beneficio de la comparecencia de las partes, resolvemos.

## II.

El 9 de marzo de 2009, la Asamblea Legislativa aprobó la Ley 7, para atender ciertas deficiencias fiscales, de carácter urgente, que afectan la salud fiscal del país. La legislación aprobada detalla un sinnúmero de providencias que han de tomarse para afrontar esa situación. Entre las medidas aprobadas destacan ciertos mecanismos para allegar mayores ingresos al fisco, disposiciones dirigidas a reducir gastos gubernamentales y otras de carácter financiero para atender las necesidades presupuestarias inmediatas del Estado.

En el Capítulo III de la ley se enumeran los mecanismos para la reducción de gastos en el gobierno. Este Capítulo aplica a todas las agencias gubernamentales que sufragan su presupuesto, en todo o en parte, del Fondo General.[4] Art. 34, *íd*. Entre las medidas dispuestas en

---

[4] El artículo 33(a) de la Ley Núm. 7 de 9 de marzo de 2009, define "agencias" así:

este Capítulo, se provee para un plan de cesantías de puestos de empleados en el servicio público.[5]  **Este plan**,

———————————————

"Agencias" incluirá todos los organismos, instrumentalidades y entidades de la Rama Ejecutiva del Gobierno de Puerto Rico, tales como departamentos, juntas, comisiones, administraciones, oficinas y subdivisiones que estén bajo el control de la Rama Ejecutiva y que sean Administradores Individuales conforme al Artículo 5, Sección 5.2 de la Ley Núm. 184 del 3 de agosto de 2004, según enmendada.  Incluirá además, la "Oficina propia del Gobernador".

[5] "Se establece, como Fase II, un plan de cesantías involuntarias para la eliminación de puestos el cual aplicará a toda (sic) las Agencias y a todo empleado que no esté excluido por el Artículo 37.02 de este Capítulo III". Art. 37, Ley Núm. 7 de 9 de marzo de 2009.  Para implantar este plan de cesantías, la Ley 7 ordena que la JREF determine el número total de empleados que serán cesanteados y el orden en que lo serán; siempre velando porque las agencias afectadas puedan continuar operando apropiadamente y asegurando la calidad de los servicios gubernamentales.  Art. 37.04(b)(7), (16), *íd*.  Estas cesantías se llevarán a cabo de manera escalonada, comenzando a partir del 1 de julio de 2009 y durante el año fiscal 2009-2010.  Art. 37.04(b)(16), *íd*.  Sin embargo, los servidores públicos de carrera afectados por este plan sólo pueden ser cesanteados a base del tiempo que llevan trabajando para el Estado, es decir, su antigüedad, lo cual se determinará considerando todos los servicios que le hayan prestado al gobierno.  Art. 37.04(b)(3)-(4), *íd*.  De esa forma, durante la implementación del plan, aquellos empleados con menos años de servicio tienen que ser cesanteados antes que los empleados que tienen mayor antigüedad.  Art. 37.04(b)(3), *íd*.

De otra parte, la Ley 7 también dispone un procedimiento particular para realizar las cesantías.  En primer lugar, las agencias tienen que certificar y notificar a la JREF y a cada uno de sus empleados, por escrito, los términos de antigüedad de cada uno de ellos. Art. 37.04(b)(8), *íd*.  Si se trata de empleados destacados en una unidad apropiada representada por una organización sindical, dicha notificación tiene que hacerse tanto al empleado como a la organización sindical.  *Id*.  Esta notificación tiene que apercibir al empleado, y de ser el caso, a su organización sindical, que tiene treinta (30) días a partir de la fecha de la notificación para impugnar ante su agencia nominadora el término de antigüedad que le han certificado.  Art. 37.04(b)(8)-(9), *íd*.  Si el empleado presenta documentos que controvierten la antigüedad notificada, la agencia tendrá que celebrar una vista antes

**también llamado "Fase II", cubre "a toda (sic) las Agencias**

**y a todo empleado que no esté excluido por el Artículo**

**37.02" de la Ley 7.** Art. 37, *íd.* El artículo 37.02 por lo

tanto, enumera las exclusiones al plan de cesantía. En su

redacción original éste disponía:

> A fin de evitar un impacto negativo en los servicios brindados por el Gobierno, … estarán exentos de las disposiciones del Artículo 37 de este Capítulo III los siguientes empleados de las Agencias comprendidas en esta Ley, los cuales llevan a cabo funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar:
>
> (a) policías y bomberos;
> (b) oficiales de corrección y oficiales juveniles;
> (c) maestros asignados al salón de clases;
> (d) bibliotecarios de escuelas;
> (e) profesionales de la salud (médicos, paramédicos, enfermeras, farmacéuticos y técnicos de laboratorio);
> (f) trabajadores sociales;
> (g) operadores del sistema de llamadas de emergencia 911; y
> (h) patólogos del Instituto de Ciencias Forenses.
>
> . . .

El texto del artículo antes citado busca excluir del

plan de cesantías a empleados que desempeñan funciones

---

de tomar una decisión final en torno a su antigüedad. Art. 37.04(b)(11), *íd.* Posteriormente, una vez la agencia tome esta decisión tendrá que notificarla nuevamente al empleado, y si aplica, a su organización sindical, indicándole que tiene derecho a revisar la determinación de antigüedad ante la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público. Art. 37.04(b)(12)-(13), *íd.* Si el empleado pertenece a una unidad apropiada, sea miembro de una organización sindical o no, puede revisar la determinación de su antigüedad ante la Comisión de Relaciones del Trabajo del Servicio Público, en un término de treinta (30) días a partir del recibo de la notificación de la determinación tomada por la agencia. Art. 37.04(b)(14), *íd.* Finalmente, la Ley 7 exige que la agencia notifique por escrito la cesantía al empleado y, de ser el caso, a su organización sindical, al menos treinta (30) días antes de la fecha de efectividad de la cesantía. Art. 37.04(b)(15), *íd.*

esenciales en el área de seguridad, enseñanza, salud y bienestar, para minimizar el efecto negativo que supondría sus despidos en los servicios que brinda el gobierno. El legislador enumeró ocho categorías de empleados excluidos, entre los que se encuentran: los oficiales de corrección y oficiales juveniles, los maestros del salón de clases, los trabajadores sociales, y los patólogos del Instituto de Ciencias Forenses, etc. Se advierte, que la enumeración contenida en este artículo es de carácter taxativo, pues al utilizar la frase "los siguientes empleados", delimitó la exclusión del plan de cesantías a los profesionales allí mencionados y no a otros.

Ahora bien, el artículo 37.02 sufrió una enmienda poco después de su aprobación con el fin de realizar "aclaraciones para que [su] texto corresponda con mayor especificidad a la intención legislativa". Exposición de Motivos, Ley Núm. 37, *supra*. Éste lee ahora de la siguiente manera:

> A fin de evitar un impacto negativo en los servicios brindados por el Gobierno, … estarán exentos de las cesantías de la presente ley los empleados de las Agencias que según sus clasificaciones llevan a cabo funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar, según serán definidos por la JREF, tales como:
>
> (a) policías y bomberos, agentes del Cuerpo de Vigilantes, agentes del Negociado de Investigaciones Especiales y la Oficina del Fiscal Especial Independiente;
> (b) oficiales de corrección y oficiales juveniles;
> (c) maestros asignados al salón de clases, incluyendo los transitorios durante el año escolar;

(d) Directores, bibliotecarios, orientadores y empleados de comedores adscritos al Departamento de Educación;

(e) maestros del Conservatorio de Música de Puerto Rico y de la Escuela de Artes Plásticas;

(f) profesionales de la salud (médicos, paramédicos, enfermeras, farmacéuticos y técnicos de laboratorio);

(g) trabajadores sociales;

(h) operadores del sistema de llamadas de emergencia 911;

(i) patólogos, personal pericial y técnicos del Instituto de Ciencias Forenses;

(j) empleados de la Comisión de Relaciones del Trabajo del Servicio Publico (sic) y la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público;

(k) Personal de la Oficina de Servicios con Antelación a Juicio;

(l) Personal del Registro de la Propiedad;

(m) Personal de la Junta de Libertad Bajo Palabra; y

(n) Consejeros en Rehabilitación Vocacional y personal de apoyo técnico.

. . .

A poco que revisemos el texto modificado parece evidente que éste se enmendó para ampliar la categoría de empleados excluidos de la aplicación del plan de cesantías dispuesto por la Ley 7, nuevamente bajo la misma clasificación general de empleados que lleven a cabo "funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar". Art. 37.02, Ley Núm. 7, *supra*, según enmendada. Como ya dijimos, en su redacción original, este artículo enumeraba ocho categorías de empleados públicos que no estaban sujetos al plan de cesantía establecido en la Ley 7. Ahora, con la enmienda el número aumentó a catorce categorías excluidas, las ocho originales más las siguientes: personal del Registro de la Propiedad; maestros del Conservatorio de Música de Puerto

Rico y de la Escuela de Artes Plásticas; empleados de la Comisión de Relaciones del Trabajo del Servicio Público y la Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público; personal de la Oficina de Servicios con Antelación a Juicio; personal de la Junta de Libertad Bajo Palabra; y consejeros en Rehabilitación Vocacional y su personal de apoyo técnico. *Íd.* De igual forma, se añadieron los siguientes empleados a las categorías originales: agentes del Cuerpo de Vigilantes, del Negociado de Investigaciones Especiales y la Oficina del Fiscal Especial Independiente; directores, orientadores y empleados de comedores escolares del Departamento de Educación; y el personal pericial y los técnicos del Instituto de Ciencias Forenses. *Íd.* Asimismo, la enmienda también autorizó a la JREF a eximir personal adicional que lleve "a cabo funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar," del referido plan de cesantías. *Íd.*

**Es decir, la enmienda del artículo 37.02 tuvo como propósito ampliar la cobertura de empleados excluidos del plan de cesantías de ocho categorías a catorce y además contempla la posibilidad de que se excluya personal adicional, al conferirle autoridad a la JREF para excluir otros puestos con el fin de salvaguardar servicios esenciales del gobierno, siempre y cuando estos nuevos empleados a excluirse sean también empleados que lleven "a cabo funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar".** *Íd.*

Esta interpretación del alcance del artículo 37.02, según enmendado, encuentra claro apoyo en el historial legislativo de la Ley 37. Así, en el Informe Conjunto de las Comisiones de Hacienda y de Gobierno de la Cámara de Representantes sobre el P. de la C. 1640 (el cual luego pasó a ser la Ley 37), 19 de junio de 2009, 1ra Sesión Ordinaria, 16ta Asamblea Legislativa, págs. 17-18, se indicó que el propósito de la enmienda era **"proteger ciertos empleos** en el sector público de alta importancia para el servicio de la ciudadanía". Informe Conjunto de la Cámara de Representantes, *supra*, pág. 16. De igual forma, el Informe Conjunto de las Comisiones de Hacienda y de Gobierno del Senado sobre el P. de la C. 1640, 25 de junio de 2009, 1ra Sesión Ordinaria, 16ta Asamblea Legislativa, pág. 6, reconoce que con las enmiendas propuestas **"[s]e protegen ciertos empleados** del Gobierno del alcance de las disposiciones de la Ley 7, incluyendo entre otras (sic): Agentes del Cuerpo de Vigilantes, Agentes del NIE, Empleados de la Junta de Libertad Bajo Palabra, …".

Por otro lado, el debate legislativo en la Cámara de Representantes -donde se originó el proyecto de ley que enmendó la Ley 7- avala esta interpretación. Allí, la Presidenta de la Cámara de Representantes, Hon. Jennifer A. González Colón, expresó:

> Por eso, hoy anunciamos enmiendas adicionales a la Ley 7, **para aumentar la exclusión de empleados en algunos renglones**. …
>
> …

[Y] como parte de esas enmiendas, voy a leer algunas de las **exclusiones que prometimos** el primero de junio. …

**Estamos excluyendo de la Ley 7, entiéndase de posibles cesantías correspondientes a la fase 2 y a la fase 3,** a los agentes del Cuerpo de Vigilantes, a los agentes del Negociado de Investigaciones Especiales, a la Oficina del Fiscal Especial Independiente, a la Oficina de Servicios con Antelación al Juicio.

Y muchos se preguntaran (sic), ¿por qué las exclusiones a estos empleados? Y me parece bien sencilla la contestación. Son agencias de seguridad pública que en estos momentos, donde la criminalidad ha aumentado dramáticamente, el Estado no puede dejar provisto (sic) ese servicio y necesita redoblar los esfuerzos en esas áreas, **por lo que nosotros estamos dándoles, … las herramientas en estas exclusiones** para que esos empleados continúen haciendo el trabajo, importante en el área de seguridad pública, … .

Adicional a esta, **excluimos de la Ley 7** a los miembros de la Junta de Libertad Bajo Palabra, a los Oficiales de Corrección, y bien importante, a los Patólogos, Personal Pericial y Técnicos del Instituto de Ciencias Forense (sic) que son precisamente la gente que ayuda en el esclarecimiento del 100 por ciento de los casos. …

Pero, para que no quedara dudas sobre cuál fue la intención legislativa de esta Cámara de Representantes, que fue la que propuso inicialmente el Proyecto de la Ley 7, y los maestros transitorios del Departamento de Educación **quedan excluidos,** maestros transitorios en el salón de clases, directamente con la prestación de servicios al estudiante **estarán excluidos de la Ley 7. …**

… No podemos tener una escuela y que no tengamos alimentos para nuestros niños, que se paga alguna parte con fondos federales, evidentemente, sin comedor no hay clases. ¿Quién cocina? Pues necesitamos que los empleados de Comedores Escolares estén, **y se están excluyendo de la Ley 7 … .** Pero adicional a eso, **excluimos** a los maestros del Conservatorio de Música, **excluimos** a los maestros de la Escuela de Artes Plásticas, **se excluyó también** a la Comisión de Relaciones del Trabajo y Servicios Público … . **Se excluyó**

> **también** a los directores escolares del Sistema de Educación Pública **de la aplicación de la Ley 7**.
>
> Escuela sin maestros, escuela sin director, escuela sin comedores escolares, no es una escuela funcional. … **[E]stamos excluyendo también** a los consejeros, a los orientadores y trabajadores sociales que ya estaban incluidos, y bibliotecarios, ya estaban incluidos en la Ley 7, **pero estamos aclarando más esa ley**.
>
> **Estamos también excluyendo** aquellos consejeros que están dan[do] servicios a familias y comunidades en el Departamento de la Familia. … **Y a mí me parece importante, excluir también** el programa de Registro de la Propiedad, esos técnicos que están entrando las notas y los documentos de (sic) registro de la propiedad, … .
>
> **Estas exclusiones que hemos mencionado son parte de lo que nosotros entendemos debe ser el servicio directo del gobierno a su comunidad, … .** Diario de Sesiones de la Cámara de Representantes, P. de la C. 1640, 19 de junio de 2009, 1ra Sesión Ordinaria, 16ta Asamblea Legislativa, págs. 325-27. (Énfasis nuestro).

Con ello en mente, pasamos a atender los argumentos esgrimidos tanto por los peticionarios como por el Estado.

III.

A.

Los empleados de la AIJ sostienen que no podían ser cesanteados al amparo de la Ley 7 porque su agencia quedó excluida del plan de cesantías, ya que según alegan, la Ley 37 excluyó del plan de cesantías a todas las agencias que "llevan a cabo funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar". Art. 37.02, Ley Núm. 7, *supra*, según enmendada. Lamentablemente, ni el texto de la ley ni su historial legislativo avalan esa interpretación.

Como vimos anteriormente, la referencia a empleados que lleven a cabo funciones esenciales de seguridad, enseñanza, salud y bienestar es más que nada una descripción genérica de la categoría de empleados que se busca eximir del rigor de las cesantías. Tal y como se desprende del texto analizado, una vez el legislador define la naturaleza de las funciones de los empleados eximidos – seguridad, enseñanza, salud y bienestar– pasa a enumerarlos con especificidad. Ni el texto del artículo 37.02 ni su historial legislativo nos permiten concluir, como nos sugiere la parte peticionaria, que todo empleado que labore en agencias de seguridad, enseñanza, salud y bienestar están excluidos de las cesantías.

Por otro lado, la Ley 37 también le confirió facultad a la JREF para eximir otros empleados adicionales que desempeñen estas funciones, de considerarlo necesario. Pero esa facultad le fue concedida a la JREF y, hasta donde hemos sido informados, ésta no la ha ejercido para excluir a todos los servidores públicos que laboran en la AIJ.

Si bien es cierto que la AIJ tiene a su cargo funciones esenciales de la seguridad del país, custodiando jóvenes que han incurrido en faltas, Ley de Menores de Puerto Rico, Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. sec. 2201 *et seq.*, lo cierto es que ni el texto original del artículo 37.02, ni éste luego de ser enmendado, consideró excluir **a todos los empleados** de la AIJ del rigor del plan de cesantías. Del mismo modo y como ya apuntamos,

no se nos ha informado que la JREF, conforme la facultad que le confirió la Ley 37, hubiese hecho lo propio.

No obstante, observamos que la Asamblea Legislativa sí incluyó en el artículo 37.02, tanto en la redacción original del artículo como luego de la enmienda, a los "oficiales de corrección y oficiales juveniles". Art. 37.02(b), Ley Núm. 7, *supra*, según enmendada. Aunque el puesto de oficiales juveniles no está definido en la Ley 7, consideramos que se refiere a los miembros del Cuerpo de Oficiales de Servicios Juveniles, que son los empleados de la AIJ a cargo de custodiar a los jóvenes que están recluidos en instituciones juveniles bajo la vigilancia de dicha agencia. *Véase* Ley Núm. 154 de 5 de agosto de 1988, 8 L.P.R.A. sec. 551 *et seq.*; *Cf.* Ley Núm. 135 de 2 de noviembre de 2005, derogada por la Ley Núm. 211 de 27 de septiembre de 2006. *Véase también* Informe de la Comisión de Gobierno y Asuntos Laborales del Senado sobre el P. del S. 53, 23 de mayo de 2005, 1ra Sesión Ordinaria, 15ta Asamblea Legislativa. Los oficiales juveniles son el equivalente a los oficiales de custodia destacados en el Departamento de Corrección que laboran en las instituciones penales de nuestro país. 4 L.P.R.A. sec. 1126. Estos últimos también están excluidos del plan de cesantías. Resumiendo, sólo los oficiales juveniles que laboran en la AIJ están excluidos expresamente, al menos mientras la JREF no exima del plan de cesantías a empleados adicionales de la referida agencia.

Revisada las clasificaciones de los empleados de la AIJ que comparecen en este caso, debemos concluir que ninguno de ellos ostenta una categoría de las excluidas del plan de cesantías enumeradas en el artículo 37.02 de la Ley 7. No tienen razón por lo tanto al reclamar lo contrario.

## B.

Como indicamos al inicio, los peticionarios reclaman también que sus cesantías violan la Constitución del Estado Libre Asociado de Puerto Rico y la de Estados Unidos. Específicamente, alegan que la Ley 7 infringe las cláusulas de debido proceso de ley y protección contra el menoscabo de obligaciones contractuales, así como también produce una indebida delegación de poderes. No obstante, recientemente en *Domínguez Castro v. Fortuño*, *supra*, resolvimos que la Ley 7 es constitucional y que no viola el debido proceso de ley tanto en sus vertientes sustantiva como procesal; no es violatoria de la cláusula de menoscabo de obligaciones contractuales, ni la de igual protección de las leyes; así como tampoco es contraria a la doctrina de separación de poderes. Por tanto, los planteamientos constitucionales que presentan los peticionarios ya fueron adjudicados por este Tribunal.

## IV.

Por todo lo antes expuesto, procede que se deje sin efecto la sentencia parcial dictada por el Tribunal de Primera Instancia, pues al momento en que el foro primario emitió su dictamen, ya se había presentado ante esta Curia

una Solicitud de Certificación, por lo que aquél estaba impedido de dictar sentencia. Regla 23(b)(2) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, R. 23(b)(2). En su lugar, se dictará sentencia desestimando el pleito instado.

Se dictará sentencia de conformidad.


                                    Anabelle Rodríguez Rodríguez
                                           Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Carmen A. Negrón Matos; Ivette Vega Ramírez; Alvin Valentín Serrano; Eileen Alméstica Sastre; Luis A. Méndez Morales; Ana Camacho Villegas; Olga L. Arce Méndez; Brenda L. Santos Ramírez; Mariluz Cruz Zayas; Omayra Garay García; Cristian Malavé Arson; Lizbeth Berríos Pérez; Yanilda Verdejo Rodríguez; Kamalis Torres Alamos; José Díaz Ramos; Marilyn Gómez Rivera; Héctor M. Degracia Piñeiro; Tiffany Díaz; Carlos Rubén Figueroa Martínez; Christian Varela Valentín; Luisa M. Torres Ramírez; María Román Rosa; Tania S. Ruiz Quiñonez; Angela B. Santana Díaz; Carmen Rivera Irizarry; Aymé De la C. Burgos Sosa; Carmen M. Pabón Rivera<br><br>        Peticionarios<br><br>              v.<br><br>Estado Libre Asociado de Puerto Rico; Junta de Reestructuración y Estabilización Fiscal; y Administración de Instituciones Juveniles<br><br>        Recurridos | CT-2009-08 |

SENTENCIA

San Juan, Puerto Rico, a 9 de junio de 2010

Por los fundamentos expresados en la Opinión que antecede los cuales se incorporan íntegramente a la presente, se dicta sentencia desestimando el pleito instado ante el Tribunal de Primera Instancia.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez no intervino.

                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo