EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Hayrinés Calderón Fradera | Certiorari |
|---|---|
| Recurrida | |
| v. | 2016 TSPR 241 |
| Departamento de la Familia | 196 DPR ____ |
| Peticionario | |

Número del Caso: CC-2015-801

Fecha: 8 de diciembre de 2016

Tribunal de Apelaciones:

      Región Judicial de San Juan, Panel II

Oficina de la Procuradora General:

    Lcda. Margarita Mercado Echegaray
    Procuradora General

    Lcda. Tanaira Padilla Rodríguez
    Subprocuradora General

    Lcda. Karla Z. Pacheco Álvarez
    Subprocuradora General

    Lcdo. Guillermo A. Mangual Amador
    Procuradora General Auxiliar

Abogado de la parte Recurrida:

    Lcda. Erika B. Isaac Vega

Materia: Sentencia con Opinión de Conformidad y Opinión Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hayrinés Calderón Fradera

    Recurrida

      v.                CC-2015-0801     *Certiorari*

Departamento de la Familia

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 8 de diciembre de 2016.

Expedido el auto de *certiorari* solicitado y evaluados los escritos de las partes, se dicta la presente Sentencia confirmatoria de la emitida por el Tribunal de Apelaciones el 30 de junio de 2015, por encontrarse este Tribunal igualmente dividido.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una Opinión de Conformidad a la cual se unió el Juez Asociado señor Colón Pérez.

El Juez Asociado señor Rivera García está conforme y hace constar la siguiente expresión:

Estoy conforme con la Sentencia emitida por este Tribunal. Se dilucidaba en este caso si la Sra. Hayrinés Calderón Fradera presentó, dentro del término jurisdiccional de 30 días dispuesto en la Ley Núm. 7-2009, 3 LPRA sec. 8791 *et seq.*, evidencia acreditativa de la antigüedad necesaria para ser excluida del plan de cesantías requerido mediante el referido estatuto. Es mi criterio que teniendo las agencias administrativas para las cuales laboraba la Sra. Calderón Fradera el control de la evidencia fehaciente en cuanto a sus años de servicio, constituiría un fracaso de

la justicia concluir que esta falló en presentarla oportunamente. La responsabilidad de producir las referidas certificaciones le correspondía exclusivamente a las agencias para las cuales laboró, y no lo hicieron dentro del término de 30 días con el que contaba la señora Calderón para presentarlas. Imponerle esa exigencia a la empleada constituiría una carga onerosa e irrazonable. Es evidente que la recurrida se vio imposibilitada de producir la evidencia de antigüedad ante la dilación agencial.

Nótese que la recurrida fue cesanteada el 28 de septiembre de 2009 y el 5 de octubre de ese año presentó por derecho propio una solicitud de apelación ante la otrora Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH). En el 2015 la Comisión Apelativa del Servicio Público (CASP) emitió un Informe en el que concluyó, entre otras cosas, que la Sra. Calderón no presentó prueba fehaciente para acreditar que cumplía con el requisito de antigüedad dispuesto en la Ley Núm. 7, *supra*. El Informe también señaló que no se consideró la experiencia laboral que esta tuvo en otra agencia, la Administración del Derecho al Trabajo (ADT), para recalcular los años de antigüedad, porque no presentó evidencia fehaciente acreditativa de dicho servicio. No obstante, adviértase que la primera certificación de antigüedad que le notificó el Departamento de la Familia a la Sra. Calderón Fradera señaló que esta había laborado en el servicio público cero (0) años, cero (0) meses y cero (0) días. Luego de impugnar dicha información, la recurrida recibió el 30 de septiembre de 2009 una notificación enmendada que indicó que para el 17 de abril de 2009 contaba con trece (13) años, cinco (5) meses y veintiséis (26) días de servicio. A esto se le suma que el expediente cuenta con una certificación de empleo expedida el 17 de noviembre de 2009 por la ADT que refleja que la recurrida laboró desde el 4 de enero de 1988 al 29 de abril de 1988 en esa agencia.

El Juez Asociado señor Feliberti Cintrón emitió una Opinión Disidente a la cual se unieron el Juez Asociado señor Martínez Torres y el Juez Asociado señor Kolthoff Caraballo. La Jueza Asociada señora Pabón Charneco disiente

sin opinión escrita.   El Juez Asociado señor Estrella Martínez no interviene.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hayrinés Calderón Fradera

    Recurrida

             v.

Departamento de la Familia

    Peticionario

CC-2015-0801       *Certiorari*

Opinión de Conformidad emitida por la Jueza Presidenta Oronoz Rodríguez, a la cual se une el Juez Asociado señor Colón Pérez

En San Juan, Puerto Rico, a 8 de diciembre de 2016.

Estoy conforme con la sentencia confirmatoria que hoy emite este Tribunal. De esta manera, se mantiene en vigor la determinación del Tribunal de Apelaciones que ordenó la reinstalación de la señora Calderón Fradera en su puesto como empleada pública, del cual fue privada injustamente. A continuación los fundamentos que sostienen mi parecer.

I.

El 9 de marzo de 2009 se aprobó la Ley Núm. 7-2009, la cual estableció un plan de cesantías de empleados públicos por razón de la crisis fiscal enfrentada por

el Gobierno.[1] No obstante, del Artículo 37.02 del estatuto se desprende que dicho plan excluyó de su aplicación a ciertos empleados que la propia ley adujo que llevaban a cabo "funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar". 3 LPRA sec. 8797. Tal exclusión buscaba "evitar un impacto negativo en los servicios brindados por el Gobierno". Íd. Entre los empleados exentos de la aplicabilidad de la ley estaban: "policías y bomberos", "maestros asignados al salón de clases", "profesionales de la salud (médicos, paramédicos, enfermeras, farmacéuticos y técnicos de laboratorio)", "**trabajadores sociales**" y otros. Íd.

La señora Calderón Fradera fungía como Directora Asociada de Familias y Niños en la Administración de Familias y Niños (ADFAN), ente adscrito al Departamento de la Familia. Las determinaciones de hecho de la Comisión Apelativa del Servicio Público (CASP) describen el puesto ocupado por Calderón Fradera como un "trabajo profesional y especializado, de considerable complejidad y responsabilidad, **en el campo del trabajo social** que consiste en asistir a un Director Regional en la dirección, planificación, administración y supervisión de los programas de la administración del Departamento de la Familia a nivel regional". *Informe de la Oficial Examinadora* (5 de febrero de 2015), pág. 8. Los requisitos

---

[1] Ley Especial Declarando Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, 3 LPRA sec. 8791 *et seq.* (2011).

para ocupar dicho puesto son los siguientes: (1) seis (6) años de experiencia relacionados con los programas de servicios en la ADFAN, incluyendo un (1) año de supervisión; (2) poseer **licencia permanente para ejercer la profesión de Trabajador Social**, y (3) ser miembro activo del Colegio de Profesionales del Trabajo Social de Puerto Rico. Íd.

Al analizar los pormenores del puesto de Directora Asociada de ADFAN a la luz del mencionado Artículo 37.02, considero que Calderón Fradera debió estar exenta del plan de cesantías. Si bien algunas de sus labores eran de carácter administrativo o de supervisión, esto no debió ser impedimento para reconocer que su puesto estaba claramente enmarcado en el ámbito del trabajo social.[2] A diferencia de otras profesiones exceptuadas de la ley, el Artículo 37.02 (g) solo alude a "trabajadores sociales", sin especificar el tipo de labores que debe ejercer un trabajador social para quedar exento de la aplicación de la ley.[3]

---

[2] Como plantea la recurrida, la distinción en atención al título del puesto, en vez de su descripción, tiene el efecto anómalo de que empleados cuyas clasificaciones oficiales aluden al trabajo social, pero con menos antigüedad y jerarquía en el Departamento de la Familia, quedaran exentos de la aplicabilidad de la ley, *vis à vis* empleados como Calderón Fradera, quien por su destaque en la agencia dentro sus funciones como trabajadora social, al punto de elevarla al puesto de supervisión de mayor jerarquía, quedó fuera del alcance de la exención de la ley.

[3] Compárese con otros profesionales como los maestros, sobre los cuales se especificó que solo estarían exentos aquellos "asignados al salón de clases". 3 LPRA sec. 8797(c). Así también, valga mencionar a los "profesionales de la salud", de los cuales se eximió solo a los "médicos, paramédicos, enfermeras, farmacéuticos y técnicos de laboratorio". 3 LPRA sec. 8797(f).

Así, pues, me parece aplicable el axioma de que "el nombre no hace la cosa". AEE v. Rivera, 167 DPR 201, 223 (2006); Hernández Torres v. Hernández Colón, 127 DPR 448, 463 (1990)(Op. Dis., J. Negrón García,); Meléndez Ortiz v. Valdejully, 120 DPR 1, 24 (1987). Reducir el alcance del puesto de "trabajador social" al título formal atribuido a un empleado, en vez de tomar en cuenta la descripción de sus funciones, soslayaría un mandato legislativo claro de eximir a este tipo de profesionales de la ley por el carácter esencial de sus servicios para la ciudadanía.[4] Desde esa perspectiva, considero que la recurrida estaba exenta de la aplicación del plan de cesantías de la Ley Núm. 7-2009 por la naturaleza y descripción del puesto que ocupaba.

II.

Por si fuera poco, al caso particular ante nuestra consideración se añade el hecho de que la recurrida había ocupado su puesto por más de trece (13) años y seis (6) meses, lo que constituye razón adicional para eximirla de la aplicación de la ley. Esto, pues, mediante la Carta Circular Núm. 2009-16, la Junta de Reestructuración y Estabilización Fiscal estableció que no serían cesanteados aquellos empleados con trece (13) años y seis (6) meses de

---

[4] Es importante el énfasis en la descripción de las labores pues no debe inferirse que mi posición llegaría al extremo de sostener que todos los empleados gubernamentales con preparación profesional en trabajo social estaban exentos del plan de cesantías de la Ley Núm. 7-2009. Considero que, al determinar la aplicabilidad de la exención, el análisis debe centrarse en que la labor del empleado en efecto esté dentro del ámbito del trabajo social, como lo fue en este caso.

antigüedad en el servicio público. De ahí que las agencias tenían el deber de certificar por escrito a los empleados afectados "su fecha de antigüedad según surge de sus récords". 3 LPRA sec. 8799(8). Junto a esta certificación, el empleado debía ser apercibido de su derecho a rebatir por escrito el tiempo de antigüedad acreditado. Una vez notificado, el empleado disponía de un término de 30 días para presentar su escrito y evidencia documental fehaciente que refutara la antigüedad certificada. Íd.

En este caso, originalmente hubo dos certificaciones dirigidas a Calderón Fradera sobre su antigüedad. En la primera (14 de abril de 2009), se le indicó que acreditaba **0 años, 0 meses y 0 días**. Basada en esta certificación, Calderón Fradera sometió un formulario rebatiendo la antigüedad indicada, ya que a su entender llevaba unos trece años laborando en el Departamento. Esa impugnación provocó que varios meses después la recurrida recibiera una segunda certificación en la que se le indicó que acreditaba **13 años, 5 meses y 26 días** de antigüedad. Cuando la recurrida apeló esta segunda certificación, surgieron controversias en cuanto a si la misma había sido debidamente notificada.[5] Por esto, tras varios trámites procesales, el Tribunal de Apelaciones ordenó la celebración de una vista evidenciaria.[6] Como parte de esta

---

[5] *Petición de Certiorari del Estado Libre Asociado de Puerto Rico*, pág. 10.
[6] Calderón Fradera v. Dpto. de la Familia, KLRA 2010-00972 (TA, San Juan)(25 de febrero de 2011).

vista, el propio Departamento de la Familia presentó una tercera certificación (con fecha del 14 de abril de 2010) que concluyó que Calderón Fradera acreditaba **13 años, 7 meses y 27 días** de antigüedad. Fue con el beneficio de esa certificación que el Tribunal de Apelaciones luego determinó que Calderón Fradera contaba con la antigüedad que disponía la Carta Circular Núm. 2009-16 para no quedar cesanteada.[7]

A pesar de que la señora Calderón Fradera cuenta con la antigüedad necesaria para retener su empleo, tal como acredita la tercera certificación, el Departamento de la Familia aduce en su recurso de certiorari que la prueba sobre tal antigüedad debió presentarse dentro de los 30 días posteriores a la primera certificación recibida por Calderón Fradera, en la que se le indicaba que acreditaba 0 años, 0 meses y 0 días.[8] Difiero de esa apreciación puesto que, aunque la Ley Núm. 7-2009 establece un término de 30 días para objetar la antigüedad acreditada y presentar prueba al respecto, considero irrazonable que dicho término se active mediante una notificación patentemente errónea. Véase Olivo v. Srio. de Hacienda, 164 DPR 165, 178 (2005)(sobre "el deber de notificar a las partes una determinación administrativa de manera adecuada y completa").

---

[7] Calderón Fradera v. Dpto. de la Familia, KLRA 2015-00313 (TA, San Juan)(30 de junio de 2015).
[8] *Petición de Certiorari del Estado Libre Asociado de Puerto Rico*, págs. 17-18.

Es evidente que la recurrida entendió que la certificación era errónea de su faz dados los años que llevaba laborando en el Departamento. Bajo ese entendido, remitió oportunamente un formulario impugnando la fecha de antigüedad. Si bien es cierto que no presentó evidencia documental fehaciente junto al formulario, sería irrazonable exigirle que lo hiciera cuando el propio Departamento incumplió con su deber de notificarle una fecha de antigüedad **basada en los récords.**[9] Es por eso que no comparto la noción de que la certificación del 14 de abril de 2009 activó el término de 30 días del Artículo 37.04 (b)(8) para que la recurrida presentara toda la evidencia pertinente a su antigüedad, como sostiene la opinión disidente.[10] Así pues, entiendo que la prueba que luego estableció que Calderón tenía 13 años, 7 meses y 27 días de antigüedad surgió de manera propicia y dentro de los procedimientos establecidos en la ley que debieron observarse desde un principio.

III.

Por los dos fundamentos anteriores, estoy conforme con que se confirme al Tribunal de Apelaciones.

Maite D. Oronoz Rodríguez
Jueza Presidenta

---

[9] "[L]as Agencias certificarán por escrito a sus empleados afectados, individualmente, su fecha de antigüedad **según surge de sus récords**". 3 LPRA sec. 8799(8)(énfasis suplido).

[10] "Ese era el término que tenía la señora Calderón para someter toda la evidencia pertinente a su antigüedad en el servicio público". Calderón Fradera v. Dpto. de la Familia, 2016 TSPR __, pág. 15, esc. 17 (Op. Dis. J. Feliberti Cintrón)(énfasis en el original).

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Hayrinés Calderón Fradera

Recurrida

v.

Departamento de la Familia

Peticionario

Núm. **CC-2015-0801**

*Certiorari*

Opinión Disidente emitida por el Juez Asociado señor FELIBERTI CINTRÓN a la cual se unen el Juez Asociado señor MARTÍNEZ TORRES y el Juez Asociado señor KOLTHOFF CARABALLO

En San Juan, Puerto Rico, a 8 de diciembre de 2016.

Mediante el presente recurso, el Departamento de la Familia solicitó la revocación de la *Sentencia* emitida por el Tribunal de Apelaciones el 30 de junio de 2015. En su determinación, el foro apelativo intermedio resolvió que, en el expediente administrativo, había prueba que acreditaba que la parte recurrida llevaba **más de trece (13) años y seis (6) meses** laborando en el servicio público, por lo que contaba con los años de antigüedad requeridos para ser excluida del plan de cesantías de la Ley Núm. 7-2009.[11]

En el día de hoy se confirmó el dictamen recurrido, por encontrarse este Tribunal igualmente dividido. No obstante, a base de las razones que expongo a continuación, opino que procedía revocar la *Sentencia* del foro apelativo intermedio y por consiguiente, disiento. Veamos.

---

[11] Ley Especial Declarando Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, según enmendada, 3 LPRA sec. 8791 *et seq*. (2011) (Ley Núm. 7-2009).

# I

## A. Trasfondo Fáctico

A base de la prueba presentada durante la vista administrativa del asunto en controversia, la Comisión Apelativa del Servicio Público (CASP)[12] acogió, en su *Resolución* de 27 de febrero de 2015, las determinaciones de hecho consignadas en el *Informe de la Oficial Examinadora* de 5 de febrero de 2015, las cuales resumimos a continuación.

En abril de 2009, la Sra. Hayrinés Calderón Fradera (señora Calderón o recurrida) se desempeñaba como Directora Asociada de Familias y Niños en la Administración de Familias y Niños (ADFAN), adscrita al Departamento de la Familia. Para obtener ese puesto, cumplió con ciertos requisitos de educación, experiencia, licencia y colegiación.[13] Esta posición conllevaba labor profesional especializada, de considerable complejidad y responsabilidad en el campo del trabajo social. Sus funciones consistían en asistir a un Director Regional en la dirección, planificación, administración y supervisión de los

---

[12]    Por virtud del Artículo 4 del Plan de Reorganización Núm. 2 de 2010, Plan de Reorganización de la Comisión Apelativa del Servicio Público (Plan de Reorganización), 3 LPRA Ap. XIII (2011), se creó la Comisión Apelativa del Servicio Público (CASP) "como un organismo cuasi-judicial en la Rama Ejecutiva, especializado en asuntos obrero-patronales […]". La CASP fusionó las funciones de la Comisión Apelativa del Sistema de Administración de Recursos Humanos (CASARH) y de la Comisión de Relaciones del Trabajo del Servidor Público. <u>Colón Rivera</u> *et al*. v. <u>ELA</u>, 189 DPR 1033 (2013).

[13]    En particular, el puesto de Directora Asociada requería: maestría en trabajo social; al menos seis (6) años de experiencia relacionados con los programas de servicios en la Administración de Familias y Niños (ADFAN), con un mínimo de un (1) año de experiencia como supervisora; licencia permanente para ejercer la profesión de trabajador social, y ser miembro activo del Colegio de Profesionales del Trabajo Social de Puerto Rico.

programas de la ADFAN. Además, como Directora Asociada, la señora Calderón tenía a su cargo a cinco (5) empleados que ocupaban puestos de Supervisor de Trabajo Social II. En fin, el trabajo realizado por la recurrida era mayormente administrativo y de supervisión.

El 14 de abril de 2009, la ADFAN emitió una *Certificación de Fecha de Antigüedad en la Agencia* dirigida a la señora Calderón en la que señalaba que esta laboró en el servicio público por cero (0) años, cero (0) meses y cero (0) días. Además, se le apercibió que, dentro del término de treinta (30) días contado a partir de la notificación, podía presentar un *Formulario de Impugnación de Fecha de Antigüedad* acompañado de evidencia documental fehaciente que sostuviera su postura. Además, se le advirtió que, de no presentar evidencia documental fehaciente o de no refutar la antigüedad certificada, la misma sería **concluyente**.

El 8 de mayo de 2009, la señora Calderón sometió el *Formulario de Impugnación de Fecha de Antigüedad* ante el Departamento de la Familia. En el mismo, indicó que contaba con un total de trece (13) años de servicio público. Precisó que trabajó un **primer periodo** de cinco (5) años, tres (3) meses y veinticinco (25) días, contados a partir del **5 de agosto de 1991**. Además, señaló que laboró durante un **segundo periodo** de ocho (8) años, dos (2) meses y quince (15) días, contados desde el **16 de**

**febrero de 2001** hasta el **30 de abril de 2009**, fecha en que suscribió el formulario.[14]

El 30 de septiembre de 2009, la señora Calderón recibió una notificación enmendada de antigüedad en el servicio público fechada el 8 de julio de 2009. Por este medio, la ADFAN acreditó que la recurrida laboró en el servicio público durante trece (13) años, cinco (5) meses y veintiséis (26) días.[15] En el documento no se le apercibió sobre el derecho de apelar.

El 28 de septiembre de 2009, el Departamento de la Familia le notificó a la señora Calderón que, efectivo el 6 de noviembre de 2009, sería cesanteada de su puesto como Directora Asociada, en virtud de las disposiciones de la Ley Núm. 7-2009.

Además de las determinaciones de hecho de la CASP, de los autos se desprende que, el 17 de noviembre de 2009, la Administración del Derecho al Trabajo (ADT) expidió una *Certificación de Empleo*. Este documento refleja que la señora Calderón trabajó veinticinco (25) horas semanales en la ADT desde el 4 de enero de 1988 hasta el 29 de abril de 1988.

El expediente judicial también contiene una *Certificación* de 20 de agosto de 2012, emitida por la

---

[14] En aquel momento, la Sra. Hayrinés Calderón Fradera (señora Calderón) no informó ni acreditó con evidencia fehaciente que había trabajado en la Administración del Derecho al Trabajo (ADT) durante el año **1988**.

[15] Los años de antigüedad acreditados por la ADFAN coinciden con las fechas señaladas por la señora Calderón en el *Formulario de Impugnación de Fecha de Antigüedad*, pero limitado hasta el **17 de abril de 2009**, fecha de corte establecida para propósitos del plan de cesantías de la Ley Núm. 7-2009.

Secretaria Auxiliar de Recursos Humanos y Relaciones Laborales del Departamento de la Familia, Sra. María Luisa Torres Colón, que, en lo pertinente, indica:

> Que mediante documento interno llamad[o] Tabla de Verificación de Tiempo en el Servicio Público – Post Entrega de Carta de Cesantías, en el que se tomó en consideración la evidencia presentada por la señora Calderón **posterior a su cesantía**, se concluyó que la antigüedad era de 13 años[,]    7 meses [y] 27 días.  Este documento tiene fecha del 14 de abril de 2010.  (Énfasis nuestro).[16]

### B. Trasfondo Procesal

Por los hechos relatados, el 5 de octubre de 2009, la señora Calderón presentó la *Solicitud de Apelación (Por Derecho Propio)* ante la extinta Comisión Apelativa del Sistema de Administración de Recursos Humanos del Servicio Público (CASARH).   Oportunamente, impugnó la cesantía notificada el 28 de septiembre de 2009, a base de     dos (2) argumentos.   Primeramente, cuestionó la antigüedad acreditada por la ADFAN.    Igualmente, objetó la determinación por considerar que la naturaleza de su puesto, como Directora Asociada, era de trabajo social.[17]

El 5 de febrero de 2015, la CASP emitió el *Informe de la Oficial Examinadora* que estableció que las funciones del puesto de Directora Asociada eran "eminentemente

---

[16]    Por medio de esta *Certificación*, el Departamento de la Familia reconoció que la señora Calderón tenía sobre dos (2) meses adicionales de antigüedad en el servicio público en comparación con la certificación de 8 de julio de 2009.

[17]    El Artículo 37.02 de la Ley Núm. 7-2009, 3 LPRA sec. 8797 (2011), estableció que los trabajadores sociales estaban exentos del plan de cesantías debido a que, según sus clasificaciones, tenían "funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar".

administrativas y de supervisión".[18] Por lo cual, la oficial examinadora de la CASP concluyó que las responsabilidades de la posición no eran propiamente de trabajo social. Además, dispuso que el *Formulario de Impugnación de Fecha de Antigüedad* presentado por la señora Calderón no incluyó evidencia fehaciente de los servicios prestados en la ADT, por lo cual, no se consideró esa experiencia al recalcularse su antigüedad. A base de ello, únicamente acreditó una antigüedad de trece (13) años, cinco (5) meses y veintiséis (26) días.

El 27 de febrero de 2015, la CASP emitió *Resolución* en la que, conforme a las determinaciones de hecho y las conclusiones de derecho del referido *Informe de la Oficial Examinadora*, declaró **No Ha Lugar** la *Solicitud de Apelación (Por Derecho Propio)* presentada por la señora Calderón.

Inconforme, el 30 de marzo de 2015, la recurrida presentó una *Petición de Revisión* ante el Tribunal de Apelaciones. Arguyó que la CASP erró al determinar que las funciones del puesto de Directora Asociada eran eminentemente administrativas y de supervisión, distinguibles de las que realizaba un supervisor de trabajo social o un trabajador social. Planteó que, por el contrario, al tratarse de un puesto esencial de trabajadora social, estaba exenta del plan de cesantías de la Ley

---

[18]   Por virtud del Plan de Reorganización, *supra*, las funciones adjudicativas de la CASARH se traspasaron a la CASP, por ende, esta última adquirió jurisdicción sobre la *Solicitud de Apelación (Por Derecho Propio)* presentada por la señora Calderón.

Núm. 7-2009. Además, alegó que la CASP erró al concluir que no presentó evidencia fehaciente que sustentara que cumplió con el requisito mínimo de antigüedad de trece (13) años y seis (6) meses para ser eximida del plan de cesantías. Por lo cual, solicitó que se dejara sin efecto la cesantía; se le reinstalara en su puesto de Directora Asociada, y se le pagaran todos los haberes dejados de devengar.

El 30 de junio de 2015, el Tribunal de Apelaciones dictó *Sentencia* mediante la cual revocó la *Resolución* emitida por la CASP. Indicó que, del expediente administrativo del caso surgía que el Departamento de la Familia contaba con evidencia **emitida posterior** a la cesantía que acreditaba que la señora Calderón contaba con más de trece (13) años y seis (6) meses de antigüedad en el servicio público.[19] Por lo cual, concluyó que la recurrida cumplió con el requisito mínimo de antigüedad en el servicio público y ordenó la reinstalación al empleo, así como el pago de los salarios dejados de percibir.

No conteste con tal determinación, el 21 de septiembre de 2015, el Departamento de la Familia instó el recurso de epígrafe. Alegó que el foro apelativo intermedio incidió al considerar la **prueba emitida <u>luego</u> de expirado el término jurisdiccional de 30 días** para presentar evidencia fehaciente en torno a la antigüedad. Por otra parte, aclaró que la CASP actuó correctamente al concluir que,

---

[19] En específico, el foro apelativo intermedio identificó la *Certificación* de **20 de agosto de 2012,** que establecía que la señora Calderón llevaba trece (13) años, siete (7) meses y veintisiete (27) días laborando en el servicio público.

conforme a su clasificación, el puesto de Directora Asociada de la ADFAN no estaba excluido del plan de cesantías de la Ley Núm. 7-2009.

Por su parte, la señora Calderón presentó su *Oposición a Certiorari*. Arguyó que, como Directora Asociada, realizaba tareas dentro del ámbito de la profesión de trabajo social y que, en el expediente administrativo, había prueba que demostraba su antigüedad en el servicio público. Por lo cual, arguyó que estaba exenta del plan de cesantías de la Ley Núm. 7-2009 y solicitó que se confirmara la *Sentencia* del Tribunal de Apelaciones.[20]

Mediante Resolución emitida el 29 de enero de 2016 expedimos el auto de *certiorari* solicitado, y ambas partes comparecieron para defender sus respectivas posiciones.

**II**

**A. El Criterio de Antigüedad del Plan de Cesantías de la Ley Núm. 7-2009 y el Proceso de Impugnación**

Mediante el Artículo 2 de la Ley Núm. 7-2009, 3 LPRA sec. 8791 n. (2011), se declaró en Puerto Rico un estado de emergencia económica y fiscal gubernamental y se adoptó un plan de estabilización con el fin de atender el mismo. Como parte del referido plan, se implementó un proceso de tres (3) fases para la reducción de la nómina

---

[20] Por otra parte, la señora Calderón consideró que fue privada de su derecho al debido proceso de ley y a la igual protección de las leyes por: alegados errores en la apreciación de la prueba; la falta de una vista administrativa, y la falta de una notificación final adecuada del Departamento de la Familia que incluyera las debidas advertencias. No obstante, no presentó ante nuestra consideración un recurso de *certiorari* ni pagó los correspondientes derechos arancelarios para proceder con la revisión de esos señalamientos. Por lo cual, me limito a discutir el error presentado en el recurso de *certiorari* de epígrafe. Véanse <u>Toro Rivera *et als*. v. ELA *et al.*</u>, 194 DPR 393 (2015); y <u>Ortiz v. Holsum</u>, 190 DPR 511 (2014).

gubernamental. Exposición de Motivos de la Ley Núm. 7-2009; Cruz Parrilla v. Depto. Vivienda, 184 DPR 393 (2012); Domínguez Castro *et al*. v. E.L.A. I, 178 DPR 1 (2010).

La Fase II del mencionado plan incluyó las cesantías de empleados con nombramiento permanente o de carrera "observando exclusivamente el criterio de antigüedad, de modo que sean cesanteados en primer término aquellos que tengan menor antigüedad". Inciso (b)(3) del Artículo 37.04 de la Ley Núm. 7-2009, 3 LPRA sec. 8799 (2011). Véanse, además, la Exposición de Motivos de la Ley Núm. 7-2009; y Cruz Parrilla v. Depto. Vivienda, *supra*. Para determinar la antigüedad de los empleados afectados, es menester computar todo el tiempo que cada uno laboró en el servicio público. Véanse el inciso (b)(4) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*; y Negrón Matos *et al*. v. E.L.A., 179 DPR 217 (2010).

Así pues, las distintas agencias gubernamentales venían obligadas a determinar y certificar la antigüedad de los empleados afectados, conforme a lo establecido en el inciso (b)(8) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*. En particular, esta disposición requiere que las agencias certifiquen por escrito la fecha de antigüedad de cada uno de los empleados afectados, según sus récords, y le aperciban del derecho de exponer y fundamentar su versión por escrito en caso de estar inconformes con la misma. Íd.

Los términos y condiciones para impugnar la certificación de antigüedad emitida por la agencia se consignaron en el estatuto de la siguiente manera:

> El empleado, y de ser el caso, éste a través de su organización sindical, **tendrá un término no mayor de treinta (30) días calendario**, a partir de la fecha de la notificación, **para presentar por escrito a la agencia, evidencia documental oficial emitida por la autoridad o entidad gubernamental competente (evidencia documental fehaciente) que refute la antigüedad que le ha sido certificada**. Para ello utilizará el formulario que para esos fines será provisto por su respectiva agencia, el cual completará y someterá a su propia agencia, **con copia de la evidencia documental fehaciente** que refute la fecha de antigüedad notificada por la agencia. (Énfasis nuestro). Inciso (b)(9) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*.

El referido término de treinta (30) días es de **carácter jurisdiccional**, por lo cual, no se permite su interrupción. Cruz Parrilla v. Depto. Vivienda, *supra*.[21] De no refutar o presentar evidencia documental fehaciente, la antigüedad notificada por la agencia **será concluyente** al efectuarse el plan de cesantías. Véase el inciso (b)(10) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*.[22] Por lo cual, la CASARH y su sucesora, la CASP, **pierden "jurisdicción sobre cualquier documento presentado por la recurrida fuera del término jurisdiccional de treinta (30) días"**. (Énfasis nuestro). Cruz Parrilla v. Depto. Vivienda, *supra*, pág. 406. Consecuentemente, aunque exista

---

[21]    La jurisdicción tampoco puede ser otorgada por las partes ni el tribunal puede arrogársela. Rodríguez Rivera v. De León Otaño, 191 DPR 700 (2014).

[22]    En Sánchez *et al*. v. Depto. Vivienda *et al*., 184 DPR 95 (2011), expresamos que la Asamblea Legislativa estableció, **con diáfana claridad,** que la antigüedad notificada sería concluyente para todo propósito relacionado con el plan de cesantías.

justa causa para una demora, la CASARH o su sucesora no tienen autoridad para considerar aquellos documentos que sean presentados a destiempo. Íd.

Por otro lado, en aquellos casos en que se presente, oportunamente, evidencia documental fehaciente que refute la antigüedad, la agencia tendrá que celebrar una vista previo a emitir una determinación final. Véase inciso (b)(11) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*. Domínguez Castro *et al*. v. E.L.A. I, *supra*. Ahora bien, para tener derecho a que se celebre una vista, el empleado público afectado así debe solicitarla. Domínguez Castro *et al*. v. E.L.A. I, *supra*.

Por último, la determinación final de la agencia tendrá que ser emitida y notificada conforme a lo establecido en el inciso (b)(12) del Artículo 37.04 de la Ley Núm. 7-2009, según enmendado, *supra*, que requiere que se le aperciba al empleado sobre su derecho de solicitar revisión.[23]

**B. La Junta de Reestructuración y Estabilización Fiscal**

Para determinar la cantidad global de empleados a ser cesanteados por el referido plan de cesantías, la Asamblea Legislativa creó la Junta de Reestructuración y Estabilización Fiscal (JREF), entidad que cuenta con amplias facultades para descargar las funciones encomendadas. Véase el inciso (f) del Artículo 33 de la

---

[23]    Originalmente, la revisión debía solicitarse ante la CASARH, ahora la CASP.

Ley Núm. 7-2009, 3 LPRA sec. 8791 (2011) y los incisos (b)(5), (b)(6) y (b)(7) del Artículo 37.04 de la Ley Núm. 7-2009, *supra*. Estos poderes estaban limitados por el referido criterio rector de la antigüedad. Domínguez Castro *et al.* v. E.L.A. I, *supra*.

Entre los poderes delegados, la JREF tenía facultad para establecer la fecha de corte para el cómputo de la antigüedad de los empleados públicos. Cruz Parrilla v. Depto. Vivienda, *supra*; Sánchez *et al.* v. Depto. Vivienda *et al.*, *supra*.

El 2 de noviembre de 2009, la JREF emitió la *Carta Circular Núm. 2009-16*, sobre el *Proceso para la Determinación de Empleados Públicos a Ser Afectados por el Plan de Cesantías Dispuesto por el Capítulo III de la Ley Núm. 7 de 9 de Marzo de 2009, Según Enmendada*. En lo pertinente, la JREF dispuso que, en la segunda ronda de cesantías, serían afectados los empleados públicos que, a la **fecha de corte de 17 de abril de 2009**, contaban con una antigüedad en el servicio público igual o menor a **trece (13) años, seis (6) meses y cero (0) días**. Íd. Véase además, Sánchez *et al.* v. Depto. Vivienda *et al.*, *supra*.[24]

El propósito de contar con una fecha objetiva para determinar la antigüedad era evitar señalamientos de discrimen entre empleados. Sánchez *et al.* v. Depto.

---

[24] En Sánchez *et al.* v. Depto. Vivienda *et al.*, *supra*, pág. 125, también discutimos que la *Carta Circular Núm. 2009-16* de la JREF fue "un ejercicio válido de autoridad por parte de la JREF que garantizó un trato equitativo y objetivo a todos los empleados públicos afectados por la Ley Núm. 7, *supra*".

*Vivienda et al., supra.* Así pues, esta fecha uniforme para el "cómputo de antigüedad le brindó al proceso de cesantías un clima de pureza y transparencia". <u>Sánchez *et al.* v. Depto. Vivienda *et al.,*</u> *supra*, pág. 123.

### C. La Exención a los Trabajadores Sociales

Para evitar un impacto negativo en los servicios gubernamentales esenciales, la Asamblea Legislativa excluyó del referido plan de cesantías a "aquellos puestos que prestan servicios esenciales a la ciudadanía y que son esenciales para mantener la continuidad de servicios". Exposición de Motivos de la Ley Núm. 7-2009. Ésta fue la única excepción permitida al criterio de antigüedad del proceso de cesantías. <u>Domínguez Castro *et al*. v. E.L.A. I</u>, *supra.*

Conforme a lo anterior, se eximió del plan de cesantías a aquellos empleados que, **según sus clasificaciones**, tenían "funciones esenciales en protección de la seguridad, enseñanza, salud y bienestar, según serán definidos por la JREF, tales como: […] **(g) trabajadores sociales**; […]". (Énfasis nuestro). Artículo 37.02 de la Ley Núm. 7-2009, 3 LPRA sec. 8797 (2011).

### III

Analizado cuidadosamente el expediente judicial y evaluado el único señalamiento de error, en armonía con el derecho aplicable, estoy convencido de que el foro apelativo intermedio incidió al revocar el dictamen de la CASP. Veamos.

**A. La Impugnación de la Fecha de Antigüedad**

De entrada, debo señalar que, del *Formulario de Impugnación de Fecha de Antigüedad* y de la prueba sometida oportunamente, se desprende que la señora Calderón solicitó que, **para el 30 de abril de 2009**, se le reconociera una antigüedad total de trece (13) años, seis (6) meses y diez (10) días.[25]

No obstante, habida cuenta que la JREF fijó el **17 de abril de 2009** como la fecha de corte para determinar los años de servicio público, al recalcular la antigüedad impugnada hasta esa fecha, el Departamento de la Familia determinó, **correctamente**, que la antigüedad probada era de trece (13) años, cinco (5) meses y veintiséis (26) días. A esos efectos, el Departamento de la Familia acreditó **todo** el tiempo de antigüedad alegado por la señora Calderón a base de la prueba presentada oportunamente, pero limitado a la fecha de corte. Por lo cual, sin trámite ulterior, la agencia ajustó la certificación recurrida y aceptó la validez de la prueba sometida oportunamente.

Como mencioné anteriormente, mediante la Ley Núm. 7-2009 y la *Carta Circular Núm. 2009-16*, se determinó que serían cesanteados aquellos empleados públicos que, a la **fecha de corte de 17 de abril de 2009**, contaban con una antigüedad igual o menor a **trece (13) años, seis (6) meses y cero (0) días**. Luego de recibir una certificación de

---

[25] Este periodo se desglosa de la siguiente manera: cinco (5) años, tres (3) meses y veinticinco (25) días por el tiempo de servicio comenzado el 5 de agosto de 1991; más ocho (8) años, dos (2) meses y quince (15) días por el tiempo de servicio entre el 16 de febrero de 2001 hasta el **30 de abril de 2009.**

antigüedad, los empleados tenían un **término jurisdiccional de 30 días** para impugnar y presentar evidencia fehaciente que sustentara su posición. De lo contrario, la certificación de antigüedad sería **concluyente** para propósitos del plan de cesantías.

El foro apelativo intermedio resolvió que en el expediente administrativo había prueba que acreditaba que la señora Calderón laboró en el servicio público por más de trece (13) años y medio.[26] Sin embargo, no existe controversia que la documentación a la cual se refirió el Tribunal de Apelaciones para sustentar esa determinación fue **emitida <u>luego</u> de expirado el término jurisdiccional de treinta (30) días** con el que contaba la recurrida para impugnar la antigüedad certificada por la ADFAN, el cual venció en **mayo de 2009.**[27]

En consecuencia, considero que **ninguno** de los foros concernidos, o sea, el Departamento de la Familia, la CASP, el Tribunal de Apelaciones y esta Curia, tiene **jurisdicción para admitir y evaluar la documentación adicional presentada fuera de término.** Es decir, estamos vedados de tomar en consideración las alegaciones de la señora Calderón basadas en el contenido de tales escritos.

---

[26] En específico, hizo referencia a la *Certificación* de antigüedad de **20 de agosto de 2012** que, a su vez, se basó en un documento de **14 de abril de 2010.** Nótese que también obra en autos una *Certificación de Empleo* de ADT de **17 de noviembre de 2009.** Esta última refleja que la señora Calderón trabajó en el servicio público desde el 4 de enero de 1988 al 29 de abril de 1988.

[27] El término jurisdiccional de 30 días comenzó a correr a partir de la notificación de la *Certificación de Fecha de Antigüedad en la Agencia* de 14 de abril de 2009. Ese era el término que tenía la señora Calderón para someter <u>toda</u> la evidencia pertinente a su antigüedad en el servicio público. De así hacerlo, podía solicitar una vista con el propósito de solucionar cualquier **pugna relacionada a la prueba presentada oportunamente.**

A base de lo anterior, opino que la CASP actuó correctamente al excluir la prueba presentada fuera de término y al concluir que la señora Calderón no demostró fehacientemente que llevaba más de trece (13) años y  seis (6) meses en el servicio público.  Consecuentemente, no estaba exenta del plan de cesantías por ese fundamento.  Por lo tanto, entiendo que el Tribunal de Apelaciones erró al considerar la documentación adicional emitida y presentada fuera del término jurisdiccional de treinta (30) días.

### B. La Exención a los Trabajadores Sociales

Como excepción al criterio de antigüedad antes discutido, la Ley Núm. 7-2009 eximió del plan de cesantías a aquellos empleados que tenían funciones esenciales en protección de la seguridad, enseñanza, salud y el bienestar. Entre esos empleados protegidos se encontraban los trabajadores sociales.

Para determinar si un empleado realizaba este tipo de funciones esenciales, tiene que revisarse su clasificación. De la clasificación del puesto de Director Asociado de Familias y Niños, se desprende que las funciones de la señora Calderón consistían en planificar, organizar y coordinar los servicios ofrecidos por la agencia, así como supervisar, orientar y dirigir al personal.  Conforme a ello, la CASP determinó razonablemente que las labores de una Directora Asociada eran mayormente administrativas, de supervisión y, por ende, no estaba exenta del plan de

cesantías.[28]    En el presente caso, no existen fundamentos suficientes para interferir con la determinación pericial de la CASP y omitir la deferencia que le debemos a dicho foro.[29]

En mérito de lo anterior, concluyo que el Tribunal de Apelaciones erró al dejar sin efecto la *Resolución* de la CASP.

**IV**

Por los fundamentos expuestos, considero que debimos revocar la *Sentencia* emitida por el Tribunal de Apelaciones el 30 de junio de 2015 y reinstalar la *Resolución* dictada por la CASP el 27 de febrero de 2015.   Por consiguiente, respetuosamente disiento.

Roberto Feliberti Cintrón
Juez Asociado

---

[28]    Según la clasificación del puesto de Director Asociado de Familias y Niños, la señora Calderón debía contar con preparación, conocimiento y experiencia en el área de trabajo social.  Además, debía estar colegiada y tener una licencia para ejercer dicha profesión.  No obstante, esto no significa que esta posición era esencial para la seguridad, la enseñanza, la salud y el bienestar; ni equivale a puesto de trabajadora social.

[29]    El principio de la deferencia judicial establece, como norma general, que los tribunales revisores no intervendrán en las determinaciones administrativas basadas en su peritaje.  OCS v. Universal, 187 DPR 164 (2012).  En esa línea, hemos reiterado que la deferencia hacia las decisiones administrativas solo habrá de ceder "cuando la misma no esté basada en evidencia sustancial, cuando la agencia haya errado en la aplicación de la ley y cuando su actuación resulte ser una arbitraria, irrazonable o ilegal".  OCS v. Universal, *supra*, pág. 179, citando a The Sembler Co. v. Mun. de Carolina, 185 DPR 800, 822 (2012).