Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| SABANERA RESIDENTIAL HOLD, LLC<br><br>Recurrida<br><br>v.<br><br>LUCAS EMANUEL URIA THEIS, LARA ELYSE URIA THEIS<br>Recurrentes | KLCE202401106 | *Certiorari* procedente del Tribunal de Primera Instancia Sala de Bayamón<br><br>Caso Núm. BY2023CV01703<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparecen, sin someterse a la jurisdicción de este Tribunal, Lucas Emanuel Uria Theis y Laura Elyse Uria Theis, (los peticionarios), mediante recurso de *certiorari,* solicitando la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI), el 9 de septiembre de 2024. Mediante el referido dictamen el foro primario, entre otras cosas, declaró *No Ha Lugar* la *Solicitud de Paralización y en Oposición a Mociones de Embargo* presentada por los peticionarios.

Por los fundamentos que expondremos, hemos decidido expedir el auto de *certiorari* para ordenar que el TPI adjudique el asunto jurisdiccional que se le presentó y precedía cualquier otra consideración.

**I. Resumen del tracto procesal**

El 30 de marzo de 2023 Sabanera Residential Hold, LLC (Sabanera o recurrida), presentó una *Demanda* sobre incumplimiento de contrato y cobro de dinero contra los peticionarios. En esta se alegó que los

peticionarios adeudaban $186,000 en concepto de cánones de arrendamiento, tras la terminación prematura del contrato de arrendamiento suscritos por las partes. Luego de emitidos los emplazamientos correspondientes por la Secretaría del Tribunal, Sabanera presentó el 17 de mayo de 2023 una *Solicitud de Expedición de Emplazamiento por Edicto,* aduciendo haber realizado varios intentos infructuosos de emplazar a los peticionarios, sin poder lograrlo.

Ante lo cual, al próximo día, el TPI concedió la solicitud del recurrido para emplazar a los peticionarios mediante edictos.

Al cabo de poco más de un mes, el 22 de junio de 2023, la recurrida presentó una *Moción Informativa en Torno a Diligenciamiento de Emplazamientos por Edicto,* a la que anejó copia de los referidos edictos, junto a dos declaraciones juradas acreditando la publicación de estos.

En respuesta, el 5 de julio de 2023, el TPI emitió una *Orden* dándose por enterado.

Posteriormente, el 24 de julio de 2023, Sabanera presentó una *Solicitud de Anotación de Rebeldía.* Afirmó que, efectuado el emplazamiento mediante edicto, sin que los peticionarios contestasen la *Demanda* dentro del término correspondiente, procedía que el Tribunal concediera el remedio solicitado.

A raíz de esta última solicitud, el foro primario emitió *Sentencia* favorable a Sabanera. En particular, el foro primario procedió a anotarles la rebeldía a los peticionarios y a declarar *Ha Lugar* la *Demanda* instada, al estimar que se evidenció que la deuda reclamada era una vencida, líquida y exigible. A tenor, ordenó que los peticionarios pagaran a Sabanera $186,000 en concepto de cánones de arrendamiento adeudados, más penalidades por mora a razón de 5%, costas, interés legal de 9.25%, y $10,000.00 por honorarios de abogados. Junto con esta *Sentencia* fue emitida una *Notificación de Sentencia por Edicto.*

Luego, el 14 de agosto de 2023, la recurrida presentó una *Moción Informativa en Torno a Publicación de Sentencia por Edicto,* que acompañó con una copia de los edictos y la correspondiente declaración jurada, relativa a su publicación en el periódico El Vocero.

En respuesta, el 16 de agosto de 2023, el TPI emitió una *Orden* dando por cumplida la notificación de la *Sentencia* por edicto.

Superado lo hasta aquí descrito, más adelante Sabanera presentó una *Solicitud de Embargo de Bienes Muebles en Ejecución de Sentencia.*

Tras varios incidentes procesales relacionados a la referida petición de embargo, el 24 de octubre de 2023, el TPI emitió una *Orden de Embargo de Bienes Muebles en Ejecución de Sentencia,* acogiendo el petitorio de la recurrida.

Es en este momento procesal cuando los peticionarios comparecen por primera vez ante el foro recurrido, el 22 de agosto de 2024, sin someterse a la jurisdicción del Tribunal, mediante una *Solicitud de Paralización y en Oposición a Mociones de Embargo.* Adujeron haber advenido en conocimiento del proceso de embargo debido a la congelación de sus fondos manejados por *Merrill Lynch, Pierce, Fenner & Smith, Inc.* Sostuvieron que la orden de embargo dirigida a dichos fondos era improcedente pues los tribunales de Puerto Rico no tenían jurisdicción sobre bienes localizados fuera de su demarcación territorial. Incluyeron, además, una alegación sobre falta de jurisdicción sobre la persona, aduciendo que:

> … luego de revisar el expediente de esta demanda en SUMAC surge claramente que la parte demandante no cumplió con los requisitos de notificación completa y adecuada a los comparecientes ni para el emplazamiento por edicto ni para la notificación de la sentencia. Por lo tanto[,] todo trámite en el presente caso es nulo.[1]

---

[1] Apéndice del recurso de *Certiorari,* págs. 135-136.

Sobre lo anterior añadieron que estarían *presentado una demanda de nulidad de sentencia por [la recurrida] haber incumplido los requisitos de la Regla 4.6 de Procedimiento Civil.*[2]

El 9 de septiembre de 2024, el foro primario emitió una *Resolución* en la que atendió la moción discutida en el párrafo que antecede, y dispuso de otros asuntos pendientes. En específico, el TPI ordenó lo siguiente: **(1)** *No Ha Lugar* **la** *Solicitud de Paralización y en Oposición a Mociones de Embargo* **presentada por los peticionarios***;* (2) *Ha Lugar* a la *Solicitud de Orden de Liquidación Involuntaria de Valores en Ejecución de Sentencia* presentada por los recurridos, y; (3) *Ha Lugar* a la *Moción de Merrill Lynch, Pierce, Fenner & Smith, Inc. Solicitando Modificación a Mandamiento y Orden de Embargo.*

Inconforme, el 11 de septiembre de 2024, los peticionarios presentaron una *Reconsideración.* En esta, luego de reiterar su argumento sobre la presunta falta de jurisdicción del TPI para ordenar un embargo sobre bienes muebles fuera de su demarcación judicial, pasó a elaborar sobre por qué entendía que el foro recurrido no había adquirido jurisdicción sobre ellos, al mediar un emplazamiento por edicto defectuoso. En lo pertinente a este segundo asunto, los peticionarios esgrimieron que:

> La parte demandante incumplió en 2 ocasiones con el requisito indispensable que exige la Regla 4.7 de las de Procedimiento Civil de notificar el emplazamiento y la demanda, luego la sentencia, junto con el edicto publicado y la declaración jurada del periódico como prueba del diligenciamiento para completar los trámites del emplazamiento por edicto, cuando la parte demandante conoce la dirección postal de los demandados ya que surge del contrato entre las partes.[3]

Sin embargo, el 1 de octubre de 2024, el TPI declaró *No Ha Lugar* la referida *Moción de reconsideración.* En esta determinación el foro recurrido

---

[2] *Íd.*
[3] Apéndice del recurso de *Certiorari,* pág.157.

no hizo mención del asunto jurisdiccional planteado, acerca del alegado emplazamiento por edicto defectuoso.

Es así como, insatisfechos, los peticionarios recurren ante este foro apelativo, señalando la comisión de los siguientes errores:

> **Primer error: Erró el TPI al denegar la solicitud de nulidad de sentencia por falta de jurisdicción sobre la persona a pesar del incumplimiento de la parte demandante con notificar el emplazamiento por edicto y la sentencia por edicto a la parte demandada**

> **Segundo error: Erró el TPI al denegar la solicitud de paralización de los proceso [sic] de ejecución de sentencia sobre bienes fuera de Puerto Rico.**

Junto con el auto de *certiorari*, los peticionarios presentaron, el 15 de octubre de 2024, una *Solicitud de Orden en Auxilio de Jurisdicción*, en la cual solicitaron la paralización de los procedimientos en el Tribunal de Primera Instancia para evitar el embargo de sus bienes. Esta *curia* intermedia, mediante *Resolución,* declaró *No Ha Lugar* la solicitud y otorgó cinco días para que la recurrida expresara su posición en torno al recurso. Oportunamente, Sabanera presentó su *Alegato de la Parte Recurrida.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II. Exposición de Derecho

### A. Jurisdicción

El término *jurisdicción* se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. Incluso, nuestro Tribunal Supremo ha añadido, que evaluar los aspectos jurisdiccionales son parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Mun. San Sebastián v. QMC Telecom, O.G.P.*, 190

DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

De lo anterior se deriva que cuando un tribunal efectúa un dictamen careciendo de jurisdicción sobre la materia o sobre la persona, su actuación u orden se considera nula. *López García v. López García*, 200 DPR 50 (2018); *First Bank of P.R. v. Inmob. Nac., Inc..*, 144 DPR 901, 913 (1998).

Respecto a la jurisdicción sobre la persona o *in personam*, se refiere al poder o autoridad que tiene un tribunal para sujetar a una persona a una decisión obligatoria declarando sus respectivos derechos y obligaciones. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 702 (2012). Nuestro Alto foro ha expresado, que "[e]l concepto de jurisdicción *in personam* está inextricablemente atado al debido proceso de ley". *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 21 (1993).

### B. Emplazamiento

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule su alegación responsiva. **Es mediante su debido diligenciamiento, que el tribunal adquiere jurisdicción sobre su persona para resolver el asunto**. (Énfasis provisto). *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005).

Este mecanismo tiene el propósito principal de notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor. *Torres Zayas v. Montano Gómez*, supra; *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). Conforme lo anterior,

no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción, cuando la persona puede ser considerada propiamente parte

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4, y su inobservancia priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano,* supra, en la pág. 467; *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC*, 152 DPR 367, 374 (2000).

Según la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R.4.6, cuando el emplazamiento de una parte se hace mediante edictos, se dirigirá "a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo ... al lugar de su última dirección física o postal conocida". Este último requisito solo admite una excepción, a saber, si se llega a justificar "mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición." *Íd.*

Similarmente, la Regla 4.7 de Procedimiento Civil, 32 LPRA Ap. V, R.4.7, establece un requisito de evidenciarle al Tribunal el diligenciamiento de dicho emplazamiento por edicto. La precitada Regla requiere que se pruebe la publicación "mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada

que certifique que se depositó en el correo una copia del emplazamiento y de la demanda". *Íd.*

## C. Relevo de Sentencia

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es un remedio procesal disponible para solicitar al tribunal el relevo de los efectos de una sentencia por causa justificada; es decir, por alguno de los fundamentos allí establecidos. La regla aludida dispone lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (a) Error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> **(d) nulidad de la sentencia;**
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
>
> (Énfasis provisto).

La moción de relevo de sentencia es un mecanismo *post sentencia* creado con el objetivo de impedir que sofisticaciones y tecnicismos puedan privar los fines de la justicia. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *Náter Cardona v. Ramos Muñiz*, 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior*, 87 DPR 903, 905– 906 (1963). No obstante, aunque el remedio de reapertura existe en bien de la justicia, no constituye una facultad judicial absoluta, porque a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Les toca a los tribunales, pues, establecer un balance

adecuado entre ambos intereses. *Piazza Vélez v. Isla del Río, Inc.*, 158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff,* 102 DPR 451, 457–458 (1974).

Al conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Jiménez*, 123 DPR 294, 299 (1989); *Dávila v. Hosp. San Miguel, Inc.,* 117 DPR 807 (1986). En este sentido, previo a dejar sin efecto una sentencia, se deberán considerar ciertos criterios a fin de salvaguardar los derechos de las partes envueltas en el litigio, a saber: (a) si el apelante tiene una buena defensa en su méritos; (b) el tiempo que media entre la sentencia y la solicitud de relevo; (c) el grado de perjuicio que pueda ocasionarle a la otra parte la concesión del referido relevo; (d) el perjuicio, si alguno, que sufriría la parte promovente si el tribunal no concede el remedio solicitado; y (e) si el promovente de la solicitud ha sido diligente en la tramitación de su caso. *Reyes Díaz v. Estado Libre Asociado de Puerto Rico*, 155 DPR 799 (2001); *Pardo v. Sucn. Stella*, 145 DPR 816 (1998); *García Colón et al. v. Sucn. González*, supra, a las págs. 540-541; *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988).

Para que proceda el relevo de sentencia de conformidad con la Regla 49.2 de las de Procedimiento Civil, *supra,* es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. Es decir, la parte peticionaria está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón et al. v. Sucn. González*, supra, a la pág. 540; *Reyes v. E.L.A. et al.*, 155 DPR 799, 809 (2001). Además, relevar a una parte de los efectos de una sentencia es una decisión discrecional del tribunal, **salvo en los casos de nulidad** o cuando la sentencia ha sido satisfecha. (Énfasis provisto). *García Colón et al. v. Sucn. González*, supra; *Rivera v. Algarín*, 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón,* 109 DPR 817, 823–

824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

En cuanto a la interpretación de dicho mecanismo procesal, nuestro alto Foro ha dispuesto que, aunque no puede ser utilizado en sustitución de los recursos de revisión o reconsideración, **una moción de relevo de sentencia debe ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita se deje sin efecto la sentencia**. (Énfasis provisto). *García Colón et al. v. Sucn. González*, supra, a las págs. 540-541; *Náter Cardona v. Ramos Muñiz*, supra, a las págs. 624-625. Sobre lo mismo, en *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314 (1997), el Tribunal Supremo aclaró que "[u]na interpretación liberal de la citada Regla 49.2 **permite considerar una moción de reconsideración como de relevo de sentencia, aun después de haber transcurrido el término para considerar la reconsideración o aun después de haber advenido final y firme la sentencia**." *Íd.* en la pág. 329. (Énfasis y subrayado provistos).

Además, la moción de relevo de sentencia debe presentarse dentro de un término razonable que no exceda los seis meses establecidos en la Regla 49.2, *supra*. Sin embargo, **el plazo aludido es inaplicable cuando se trata de una sentencia nula**. *García Colón et al. v. Sucn. González*, supra, a la pág. 543; *Pardo Santos v. Sucn. De Jorge Stella Royo*, supra, a la pág. 824. Por ejemplo, **una sentencia es nula si ha sido dictada por un tribunal o foro sin jurisdicción**. Como es sabido, una sentencia nula tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. La discreción que tiene el tribunal para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando es nula. Dicho de otro modo, **ante la certeza de que una sentencia es nula, resulta mandatorio declarar su inexistencia jurídica, por lo que no cabe hablar de discreción en cuanto a tal**

**proceder**. **Ello así, independientemente de que la solicitud se haga luego de transcurrido el plazo de seis meses establecido en la Regla 49.2 de las de Procedimiento Civil**, *supra. García Colón el al. v. Sucn. González*, supra, a las págs. 543-544. La antedicha excepción resulta cónsona con la porción de la Regla 49.2 que expresa que dicha regla "no limita el poder del tribunal para: … (2) conceder un remedio a una parte que en realidad no haya sido emplazada", *supra.*

**III. Aplicación del Derecho a los hechos**

a.

Valga iniciar reiterando el pronunciamiento de nuestro Tribunal Supremo en *IG Builders v. BBVAPR*, 185 DPR 307, 339 (2012), al efecto de que, aunque las resoluciones atinentes a asuntos postsentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari*, por cuanto tampoco cualifica para tal propósito el recurso de apelación, se corre el riesgo de que fallos erróneos en esta etapa no se vean sujeto a examen judicial. Por causa de tal señalamiento, el Tribunal Supremo concluyó que el recurso de *certiorari* es el mecanismo procesal adecuado para cuestionar las resoluciones postsentencia. *Íd.*

Por tanto, habiendo esgrimido los peticionarios ante nosotros un señalamiento de error referente a una resolución postsentencia, quedamos habilitados para ejercer nuestra discreción a través de la consideración del recurso de *certiorari* presentado.

b.

Según ya hemos dicho, los peticionarios solicitan que declaremos la nulidad de la *Sentencia* dictada el 24 de julio de 2023. Como fundamento para esta petición, arguyen que dicha *Sentencia* es nula por falta de jurisdicción sobre la persona, toda vez que hubo defectos en los requisitos que necesariamente exige el emplazamiento por edicto. En concreto, imputan que Sabanera incumplió con los requisitos que dimanan de las

Reglas 4.6 y 4.7 de las de Procedimiento Civil, *supra,* específicamente, los de notificar el emplazamiento por edicto a la última dirección física o postal conocida de la parte demandada, junto con una copia de la demanda, y certificarle al Tribunal de dicho cumplimiento. También argumentan que se llevó a cabo una notificación defectuosa de la *Sentencia,* ante la falta de notificación por correo de una copia del edicto de la sentencia. Es su postura que los mencionados incumplimientos acontecieron, a pesar de la recurrida conocer las direcciones postales de los peticionarios.

Por su parte, Sabanera argumenta que el recurso de *certiorari* no es el mecanismo procesal adecuado para solicitar la nulidad de una sentencia. Al contrario, entiende que el vehículo adecuado para levantar tal defensa es el *Relevo de Sentencia,* según dispuesto por la Regla 49.2 de Procedimiento Civil, *supra.* Añade que, de todos modos, los peticionarios están impedidos de litigar el asunto de nulidad, pues no solicitaron previamente el levantamiento de la rebeldía. Esgrime que, **aun si se acogieran los argumentos esbozados en la *Reconsideración* instada por los peticionarios como una *Moción de Relevo de Sentencia*, tal moción sería tardía pues el remedio se solicitó transcurridos los seis meses que dispone la Regla 49.2, *supra*.** (Énfasis provisto).

Poniendo nuestra atención a los argumentos levantados por Sabanera, resumidos en el párrafo que antecede, comenzamos por afirmar que no tiene razón al sugerir que en este caso era necesario que los peticionarios primero solicitaran el levantamiento de la rebeldía, para entonces poder peticionar el relevo de la sentencia. Sobre ello, precisamente la Regla 45.3, *supra,* le reconoce facultad al Tribunal para dejar sin efecto una sentencia en rebeldía, **de acuerdo con los mecanismos de la Regla 49.2**, *supra.* Es decir, por disposición expresa de la Regla citada ha sido dispuesto que el Tribunal queda habilitado para dejar sin efecto una Sentencia emitida en rebeldía, allí donde acontezcan

algunas de las situaciones previstas que justifiquen su relevo, sin establecer como requisito previo el levantamiento de la rebeldía.

Sabanera también yerra al proponer que no cabía considerar la solicitud de relevo de sentencia de los peticionarios, por cuanto fue instada de manera tardía. Sobre esto, es cierto que la Regla 49.2 de Procedimiento Civil, *supra*, establece que la solicitud de relevo de sentencia *ha de ser presentada dentro de un término razonable, que no exceda de seis meses de haberse registrado la sentencia u orden.* Sin embargo, según resaltamos en la exposición de derecho, es igualmente cierto que el término de seis meses para instar un relevo de sentencia previsto en la Regla 49.2 de Procedimiento Civil, *supra*, **no resulta aplicable cuando se plantea la nulidad de una sentencia**, siendo la falta de jurisdicción sobre la persona una de sus manifestaciones. Citando nuevamente a nuestro Tribunal Supremo, *ante la certeza de que una sentencia es nula, resulta mandatorio declarar su inexistencia jurídica, por lo que no cabe hablar de discreción en cuanto a tal proceder.* ***Ello así, independientemente de que la solicitud se haga luego de transcurrido el plazo de seis meses establecido en la Regla 49.2 de las de Procedimiento Civil***, *supra. García Colón el al. v. Sucn. González*, supra.

Aclarado lo anterior, entonces abordamos la disyuntiva sobre si el TPI tuvo ante su consideración una petición de relevo de sentencia, a pesar de que los peticionarios no hubiesen denominado sus mociones ante dicho foro de tal forma. Adelantamos que, luego de evaluado tanto el contenido tanto de la *Solicitud de Paralización y en Oposición a Mociones de Embargo* presentada por los peticionarios el 22 de agosto de 2024, como particularmente el de la *Moción de Reconsideración* instada por estos el 11 de septiembre de 2024, juzgamos que fueron levantados suficientes argumentos sobre la presunta falta de jurisdicción *in personam,* como para que el TPI sopesara la validez de la *Sentencia,* ante un alegado

emplazamiento defectuoso. Tal como citáramos en el tracto procesal, en la primera de dichas mociones los peticionarios adelantaron que:

> … luego de revisar el expediente de esta demanda en SUMAC surge claramente que la parte demandante **no cumplió con los requisitos de notificación completa y adecuada a los comparecientes ni para el emplazamiento por edicto ni para la notificación de la sentencia. Por lo tanto**[,] **todo trámite en el presente caso es nulo**.[4]

Siguiendo la misma línea argumentativa iniciada con el párrafo que precede, pero mostrando mayor rigor y amplitud, en la *Moción de Reconsideración* los peticionarios reiteraron su argumento sobre la presunta falta de jurisdicción del TPI sobre su persona, al mediar un emplazamiento defectuoso, de la siguiente manera:

> 7. La parte demandante incumplió en 2 ocasiones con el requisito indispensable que exige la Regla 4.7 de las de Procedimiento Civil de notificar el emplazamiento y la demanda, luego la sentencia, junto con el edicto publicado y la declaración jurada del periódico como prueba del diligenciamiento para completar los trámites del emplazamiento por edicto, cuando la parte demandante conoce la dirección postal de los demandados ya que surge del contrato entre las partes.
>
> 8. Para que sea efectiva, la Sentencia tiene que ser dictada por un Tribunal competente y con jurisdicción. Lo cual en este caso no ha ocurrido porque tanto el emplazamiento por edicto y la sentencia adolecen de la notificación adecuada por correo del edicto publicado, con la declaración jurada del periódico.[5]

Pese a que tales mociones no emplearon la nomenclatura *Moción de Relevo de Sentencia*, ciertamente los argumentos allí presentados, (particularmente en la *Reconsideración*), contenían los elementos para que así fueran consideradas, y colocaban al foro primario en posición de analizar si verdaderamente hubo un emplazamiento por edicto defectuoso que le privara de la jurisdicción. Es de notar, por una parte, que la Regla 49.2, *supra,* no establece un requisito de forma, aunque sí exige que se aluda a una de las causas que justificaría la concesión de tal remedio, lo que se cumplió en este caso, pues el inciso (c) de la Regla 49.2, *supra,* expresamente contempla la nulidad de la sentencia como fundamento

---

[4] Apéndice del recurso de *Certiorari,* págs. 135-136.
[5] Apéndice del recurso de *Certiorari,* pág.157.

para declarar el relevo de la sentencia. Por otra parte, aunque los peticionarios no hubiesen titulado tales mociones como de *relevo de sentencia*, ello tampoco optaba en contra de que fueran así consideradas si su contenido lo expresaba pues, como bien dice el conocido axioma jurídico, *el nombre no hace la cosa. Calderón v. ELA*, 196 DPR 984, 988 (2016); *Hernández Torres v. Hernández Colón,* 127 DPR 448, 463 (1990). Además, en *Pagán v. Alcalde Mun. de Cataño,* supra*,* nuestro Tribunal Supremo dispuso que la Regla 49.2, *supra,* le otorga al Tribunal de Primera Instancia facultad para acoger una *Reconsideración* como una *Moción de Relevo de Sentencia*. Después de todo, *los tribunales conceden lo que en derecho procede no lo que se les pide, independientemente de que el remedio hubiese sido específicamente solicitado en la súplica o en las alegaciones. Rivera Flores v. Cía. ABC*, 138 DPR 1, 8 (1995); *Neca Mortg. Corp v. A&W Sev. S.E.*, 137 DPR 860 (1995).

Por causa de lo explicado, y a partir de una interpretación liberal del contenido de las mociones citadas, en este caso correspondía que el tribunal *a quo* acogiera la *Reconsideración* que le presentaron los peticionarios como una de relevo de sentencia, e hiciera el examen correspondiente para determinar si había adquirido jurisdicción sobre estos. Como se sabe, *para adjudicar un caso, el tribunal debe tener tanto jurisdicción sobre la materia como sobre las partes litigiosas. Adm. Terrenos v. Ponce Bayland,* 207 DPR 586 (2021). Además, *las cuestiones jurisdiccionales son materias privilegiadas **y deben resolverse con preferencia a los demás asuntos***. (Énfasis provisto). *Ruiz Camilo v. Trafon Group, Inc.*, supra. Sin embargo, a pesar de los peticionarios esgrimir el planteamiento sobre la falta de jurisdicción sobre la persona, por defecto en el emplazamiento mediante edicto, el TPI nunca lo atendió, y al omitir dicho juicio incidió. Los procesos en contra de los aquí peticionarios no pueden continuar hasta que el TPI adjudique si tiene o no jurisdicción sobre estos.

**IV. Parte dispositiva**

Por los fundamentos expuestos, expedimos el auto de *certiorari* y devolvemos el asunto al foro primario para que adjudique si adquirió jurisdicción sobre los peticionarios, o si, por el contrario, hubo un defecto en el emplazamiento que provocara la nulidad de la *Sentencia.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones